**SPANISH ROYAL MAIL LINE AGENCY, Inc., v. UNITED STATES.**

District Court, S. D. New York.
April 10, 1928.

Brown & Dunbar, of New York City (Clement E. Dunbar, of Augusta, Ga., of counsel), for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Frank Chambers, Asst. U. S. Atty., of counsel), for the United States.

THACHER, District Judge (after stating the facts as above).

The plaintiff steamship company, on October 5, 1925, brought to the port of New York one Antonio Angeles, an alien, who upon arrival at Ellis Island was examined before a Board of Special Inquiry, excluded, and ordered deported upon the ground that he was unable to read. Thereafter a penalty of $1,000, with the addition thereto of $138 passage money, was imposed upon the plaintiff pursuant to the statute above quoted. These amounts were paid under protest, and obviously under duress, in view of the statutory provision requiring the withholding of clearance.

As to the right to sue, the decision of Judge A. N. Hand in Compagnie General Transatlantique v. United States of America (D. C. July 7, 1927) 21 F.(2d) 465, is authoritative and controlling. The right to recover therefore turns upon whether the statute authorized the penalty imposed.

The petition alleges that transportation was furnished to the alien from a foreign port to the port of New York only after he had exhibited a permit to re-enter the United States, lawfully and regularly issued to him

by the United States Commissioner General of Immigration on December 19, 1924, together with a Spanish consular passport, issued in New York November 29, 1924. These allegations are admitted by answer. The plaintiff was entitled to assume that paragraph (b) of section 10 of the Act of May 26, 1924, c. 190, 43 Stat. 158 (8 USCA § 210 (b), authorizing the issuance of such permits, had been complied with, and that before issuing the permit the Commissioner General had duly found that the alien had previously been legally admitted to the United States, a finding which necessarily imports that at the time of his original entry the alien was able to read. It turned out that the alien's original entry was in fact illegal, because he was then illiterate, but the exercise of reasonable precaution did not require the steamship company to question the legal import of documents lawfully and regularly issued by the Commissioner General of Immigration. The mistake that was made was in issuing the re-entry permit at all, when as a matter of fact the alien had not been legally admitted; but the plaintiff was entirely justified in relying upon regularity in the performance of official duty, and was entitled to assume from the fact that the alien had been granted a permit that he was able to read when he originally entered. Had the plaintiff examined the alien, the fact of his original admission to the United States after examination by the immigration authorities regarding his ability to read would have been disclosed. The test of the statute is what "the exercise of reasonable precaution" would have disclosed. In view of the legal import of the re-entry permit, and the fact that the man had once passed as literate, reasonable precaution did not require further inquiry. The imposition of a penalty was therefore unauthorized, and the plaintiff is entitled to judgment.

Defendant's motion denied. Plaintiff's motion granted.