## UNITED STATES v. COSULICH LINE et al.

### No. 308.

Circuit Court of Appeals, Second Circuit.
March 18, 1935.

Martin Conboy, U. S. Atty., and Mary R. Towle, Asst. U. S. Atty., both of New York City, for the United States.

John M. Lyons, of New York City (J. Alfred Anderson, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

## L. HAND, Circuit Judge.

This is an action upon a bond given by the general agent of the Cosulich Line and a surety company to secure the payment of a fine levied upon the line under section 16 of the Quota Act for 1924 (Immigration Act 1924), 8 USCA § 216, for bringing into the United States a "quota immigrant having an immigration visa the visa in which specifies him as a non-quota immigrant." The alien had surreptitiously entered the United States for the first time in 1921 by deserting the ship on which he was serving as a seaman. He remained here continuously until June 24, 1924, when he left for Trieste on a temporary visit to see his family. Just before embarking he prepared an identification affidavit which he signed and swore to before a notary public in New York. He got an Italian passport on November 11th and a non-quota immigration visa from the American consul on November fourteenth, on the strength of the affidavit just mentioned. On his arrival in New York on December 2, 1924, he was examined by the Board of Special Inquiry which upon his ready admission of how he had originally entered, excluded him as a quota immigrant. The defendants do not assert that his exclusion was unlawful; but they say that the line could not have discovered his inadmissibility by reasonable diligence. In support of this defense they procured an affidavit from their agent at Trieste that the alien had "deliberately concealed" his unlawful entry and that they had no other way to learn of it than through him. They also produced a letter of the American consul saying that the visa had been issued in entire conformity with the law. The judge thought this excuse sufficient and dismissed the complaint.

Section 16 of the act of 1924 obviously means that a non-quota visa shall not be a good excuse for bringing in a quota alien, else it would not have imposed a fine in those precise circumstances. An immigrant coming back from a short visit can always get a permit under section 10, Immigration Act 1924 (8 USCA § 210), a condition upon which is that the Commissioner General shall find his original entry to have been lawful, section 10 (b) of the act (8 USCA § 210 (b). It would be severe to hold a carrier who had acted upon the faith of such a permit, provided there was nothing to excite suspicion. In Spanish Royal Mail Line Agency v. U. S., 45 F.(2d) 404 (D. C. S. D. N. Y.), Judge Thacher excused the bringing in of an illiterate for this reason, and though, as applied to illiterates, this may have been wrong, as applied to unlawful entry in general it may well be right. At any rate such a permit puts the carrier in a much stronger position than here; and the alien's power to procure one, coupled in the case at bar with his substitution of an irregular paper, his own affidavit, ought to have aroused suspicion at once. The agent's affidavit and the consul's letter are of no moment at all; we may agree that the alien concealed the facts in the sense that he did not volunteer to tell them; but there is no reason to suppose that upon inquiry he would have been more reticent than he was before the board. In any case the line may not argue that he would, for their officers did not examine him as to his original entry. They accepted the visa as enough, exactly what the statute in effect says they should not do. They thus took the risk of what might result. Indeed we do not see in what way this situation differs from the first cause of action decided in International Mercantile Marine Co. v. Elting, 67 F.(2d) 886 (C. C. A. 2).

Judgment reversed; new trial directed.